IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


THEODORE WILLIAMS,

        Plaintiff,

v.                                              Civil Action No. 5:04CV14
                                                              (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

        Defendant.


**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**


I.  Background

      The plaintiff, Theodore Williams, ("Williams"), filed an

action on February 5, 2004 seeking judicial review of an adverse

decision by the defendant, Commissioner of Social Security,

pursuant to 42 U.S.C. § 405(g).  The case was referred to United

States Magistrate Judge James E. Seibert for submission of proposed

findings of fact and recommendation for disposition pursuant to 28

U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).  Following several

preliminary issues regarding the plaintiff's ability to proceed in

forma pauperis, the defendant filed an answer to plaintiff's

complaint on October 1, 2004, and the plaintiff filed a motion for

summary judgment on December 1, 2004.  The defendant filed a motion

for summary judgment on October 29, 2004.  On May 31, 2005, this

Court entered an order referring this action to Magistrate Judge

John S. Kaull for submission of proposed findings of fact and

recommendation for disposition.

Magistrate Judge Kaull considered the plaintiff's motion for summary judgment, the defendant's motion for summary judgment, and then submitted a report and recommendation. In his report, the magistrate judge made the following findings: (1) substantial evidence supports the finding of the Administrative Law Judge ("ALJ") that the plaintiff did not meet Medical Listing §§ 12.05C or 12.05D; (2) the ALJ did not err in his assessment of the treating physician's findings as mandated in SSR 96-2p; (3) substantial evidence supports the ALJ's assignment of weight to the treating physician's opinion; (4) the ALJ afforded the plaintiff's complaints of pain proper consideration under 20 C.F.R. § 1529; and (5) substantial evidence supports the ALJ's determination regarding the plaintiff's credibility. Accordingly, the magistrate judge recommended that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a _de novo_ review of those portions of the magistrate judge's findings to which objection is made. However, failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II.  Facts

On April 30, 2001, the plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") which was denied initially and on rehearing.  The plaintiff then appeared before an ALJ on July 26, 2002, and was found to be entitled to benefits effective August 1, 2002, but not from his amended onset date of June 28, 2000.  The Appeals Council denied the plaintiff's request for review and this action was filed.

## III.  Applicable Law

### A.  Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of

drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

    B.   Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in

other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see also Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

IV.  <u>Discussion</u>

A.  <u>Listings 12.05C and 12.05D</u>

As stated in the report and recommendation, the plaintiff argues that the ALJ erred in finding that the plaintiff did not meet Medical Listing §§ 12.05C or 12.05D. As the magistrate judge discusses in his report, Listing 12.05C requires a showing of mental impairment before age 22. The record shows that the

plaintiff was evaluated by Dr. Andrews when the plaintiff was 48. Moreover, the results of the IQ tests at that time were understood by Dr. Andrews to be invalid for reasons articulated in the record. See Tr. 384 and 389. Thus, the ALJ was substantially justified in finding that the plaintiff did not meet Listing 12.05C.

Similarly, the plaintiff's failure to provide a valid IQ test made him ineligible for Listing 12.05D, which requires a "valid verbal, performance, or full scale IQ of 60 through 70." The ALJ based his decision not only on the lack of a valid IQ test, but also on the state agency physician's October 30, 2001 evaluation of the plaintiff and an independent evaluation of the plaintiff's credibility. See Tr. 24. The ALJ's conclusion that the plaintiff's mental impairments cause no more than mild difficulties in daily living and social functioning, and no more than moderate difficulties in maintaining concentration, persistence or pace is supported by substantial evidence. Accordingly, this Court finds that the magistrate judge did not clearly err by determining that substantial evidence supports the ALJ's finding that the plaintiff did not meet Medical Listing §§ 12.05C or 12.05D.

B.  Treating Physician

The ALJ determined that Dr. Kelly's medical opinion was afforded a "high degree of consideration," but failed to give the opinion controlling weight. Before an ALJ may assign a medical opinion controlling weight, SSR 96-2p requires the opinion to have "reasonable support" and to be "not inconsistent" with other "substantial evidence in the individual's case record." The ALJ

determined that the plaintiff was not entirely credible and that Dr. Kelly's opinion was based largely on subjective complaints of pain. Tr. 23. Moreover, the ALJ found that Dr. Kelly's medical opinion was inconsistent with other substantial evidence. As the magistrate judge discusses, a June 12, 2001 x-ray of the plaintiff's lumbar spine, an August 2, 2001 x-ray of the plaintiff's lumbosacral spine, a September 18, 2001 MRI of the plaintiff's lumbar spine, a December 27, 2001 electromyography and a June 11, 2002 MRI of plaintiff's lumbar spine showed no fractures, spondylosis or spondylolisthesis, and no evidence of radiculopathy. Moreover, Dr. Kelly's opinions were supported by subjective statements of pain. Thus, substantial evidence supported the ALJ's determination, which he was authorized to make pursuant to SSR 96-2p and Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996), and the magistrate judge's report regarding the treating physician's opinion is without clear error.

C.  Credibility

In evaluating the plaintiff's credibility, the ALJ noted that the plaintiff testified that he seldom drank since 1985, but his September 21, 2001 psychiatric evaluation indicated that he drank at that time and occasionally smoked marijuana. The ALJ noted that the plaintiff testified that the plaintiff had almost complete inability to move due to back pain, but rated his average level of back pain at 5 on a scale of 0-10 in September of 2001. The ALJ described discrepancies between the plaintiff's testimony regarding the plaintiff's physical therapy and the actual therapy notes.

Moreover, the ALJ relied on x-rays, MRIs and electromyography, as well as evaluations of the medical opinions of Dr. Payne, Dr. Sakla and Dr. Kelly to determine that the plaintiff was not entirely credible. Accordingly, the ALJ afforded the plaintiff's complaints of pain proper consideration under 20 C.F.R. § 1529, and substantial evidence supports the ALJ's determination regarding the plaintiff's credibility. Therefore, the magistrate judge's report regarding pain is without clear error.

## V.  Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation. For the reasons stated above, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     August 15, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE